**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4770**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

LOUIS N. NOMAR,

                                        Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-5289)

---

Submitted:  September 26, 2005      Decided:  November 30, 2005

---

Before WIDENER, WILKINSON, and GREGORY, Circuit Judges.

---

Vacated and remanded for resentencing by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, L. Anna Forbes, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Louis N. Nomar pled guilty to conspiracy to commit wire fraud via the internet, 18 U.S.C. § 371 (2000), and escape, 18 U.S.C. § 751(a) (2000), and was sentenced to a term of seventy-seven months imprisonment. We affirmed his sentence. United States v. Nomar, No. 03-4770, 2004 WL 794520 (4th Cir. Apr. 15, 2004) (unpublished). The Supreme Court subsequently granted certiorari, vacated this court's judgment in light of United States v. Booker, 125 S. Ct. 738 (2005), and remanded Nomar's case to this court for further proceedings. For the reasons explained below, we vacate his sentence and remand for resentencing consistent with Booker.

Nomar was sentenced before Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), were decided, and he did not raise objections in the district court based on the mandatory nature of the sentencing guidelines or the district court's application of the guidelines based on facts he did not admit. Therefore, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Nomar had posed as a doctor and written prescriptions for online customers, some of whom were addicts. The district court calculated Nomar's guideline range under the 2003 version of the U.S. Sentencing Guidelines Manual as follows:

Count One (conspiracy to commit wire fraud)
Base offense level        6      USSG § 2F1.1(a)

- 2 -

|       |                                                              |
|-------|--------------------------------------------------------------|
| + 7   | loss of $175,000, (b)(1)(H)                                   |
| + 2   | more than minimal planning, (b)(2)(A)                        |
| + 2   | use of mass marketing, (b)(3)                                |
| + 2   | risk of serious bodily injury, (b)(7)(A)                    |
| + 2   | abuse of position of trust, USSG § 3B1.3                     |
| + 2   | organizer/leader role, USSG § 3B1.1(c)                      |
| + 2   | obstruction of justice (escape during prosecution), USSG § 3C1.1 |

Adjusted offense level  25

Count Two (escape)
Base offense level      13    USSG § 2P1.1(a)(1)
Adjusted offense level  13

Multiple count adjustment     None, USSG §§ 3D1.3, 3D1.4

Combined adjusted offense level:  25
Criminal history category:  III
Guideline range:  70-87 months

At the sentencing hearing, Nomar objected to the enhancement for risk of serious bodily injury. He either admitted, failed to object to, or withdrew his objections to the remaining sentence enhancements. In his supplemental brief, filed at this court's direction after his case was remanded by the Supreme Court, Nomar argues that his sentence violated the Sixth Amendment because the district court determined certain facts that increased his sentence.

If Nomar's offense level is calculated using all the enhancements except the one he specifically contested at sentencing (risk of serious bodily injury), the combined adjusted offense level would be 23 and his guideline range would be 57-71 months.

- 3 -

Nomar concedes in his supplemental brief that the court correctly applied an increase of 7 levels for the amount of loss, a 2-level increase for the use of mass marketing, and a 2-level adjustment for obstruction of justice. Using this calculation, the offense level would be 17 and the guideline range would be 30-37 months. Nomar's sentence of seventy-seven months imprisonment exceeds the maximum permitted under either calculation. We conclude that Nomar's seventy-seven-month sentence was imposed in violation of the Sixth Amendment and meets the standard for plain error that must be noticed set out in Hughes.[*]

We therefore vacate the sentence and remand for resentencing consistent with Booker. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and

---

[*]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Nomar's sentencing. Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

then impose a sentence.  <u>Id.</u>  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u>  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>
<u>FOR RESENTENCING</u>
